UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ANTHONY RICHARDSON            )
                              )
v.                            )     No. 3:08-1146
                              )     JUDGE CAMPBELL
UNITED STATES OF AMERICA      )

MEMORANDUM

I. Introduction

Pending before the Court is a Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside Or Correct Sentence (Docket No. 1), filed by the Movant/Petitioner (hereinafter "Petitioner"), pro se. The Government has filed a Response to the Motion (Docket No. 10).

The Court has reviewed the pleadings and briefs filed by both parties, the record of Petitioner's underlying conviction, and the entire record in this case. For the reasons set forth below, the Court concludes that Petitioner's Motion is DENIED, and this action is DISMISSED.

II. Procedural and Factual Background

In the underlying criminal case, the Petitioner was charged in an Indictment with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (Count One). (Indictment (Docket No. 1 in Case No. 3:06-00057)). Petitioner subsequently pled guilty to the Indictment. (Docket Nos. 23, 24, 26 in Case No. 3:06-00057).

The Court sentenced the Petitioner to a total term of 120 months of imprisonment, and the Petitioner filed a Notice of Appeal challenging the sentence. (Docket Nos. 38, 39, 42 in Case No. 3:06-00057). The Sixth Circuit affirmed. (Docket No. 43 in Case No. 3:06-00057; United

States v. Richardson, 510 F.3d 622 (6th Cir. 2007)). Petitioner then filed a Petition for Writ of Certiorari with the United States Supreme Court, which was subsequently denied by the Court (Docket Nos. 45, 46 in Case No. 3:06-00057).

III. Analysis

A. The Petitioner's Claims

Petitioner contends that his conviction should be vacated because: (1) 18 U.S.C. § 922(g)(1) is facially unconstitutional; (2) the sentence imposed was unreasonable under 18 U.S.C. § 3553; (3) the Petitioner received the ineffective assistance of counsel; and (4) the Court was without jurisdiction to impose a sentence under the United States Sentencing Guidelines after United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

B. The Section 2255 Remedy/Evidentiary Hearing Not Required.

Section 2255 provides federal prisoners with a statutory mechanism by which to seek to have their sentence vacated, set aside or corrected.[1] The statute does not provide a remedy, however, for every error that may have been made in the proceedings leading to conviction. The statute contemplates constitutional errors, and violations of federal law when the error qualifies as a "fundamental defect which inherently results in a complete miscarriage of justice."

---

[1] 28 U.S.C. § 2255 states, in part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

2

Reed v. Faley, 512 U.S. 339, 114 S.Ct. 2291, 2296, 2299-2300, 129 L.Ed.2d 277 (1994); Grant v. United States, 72 F.3d 503, 505-06 (6th Cir. 1996).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that the Court shall consider the "files, records, transcripts, and correspondence relating to the judgment under attack" in ruling on a petition or motion filed under Section 2255. In addition, where the same judge considering the Section 2255 motion also conducted the trial or sentencing, he may rely on his recollections of those proceedings. Blackledge v. Allison, 431 U.S. 63, 97 S.Ct. 1621, 1629 n.4, 52 L.Ed.2d 136 (1977); Blanton v. United States, 94 F.3d 227, 235 (6th Cir. 1996).

An evidentiary hearing is not required if the record conclusively shows that the Petitioner is not entitled to relief. 28 U.S.C. § 2255; Rule 8 of the Rules Governing Section 2255 Proceedings For The United States District Courts; Arredondo v. United States, 178 F.3d 778, 782 (6th Cir. 1999). No hearing is required "if the petitioner's allegations 'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" Id. (quoting Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995)).

The Court has reviewed all the files, records, transcripts and correspondence filed in the proceeding underlying Petitioner's conviction, as well as the pleadings, briefs, and records filed by the parties in this case. The Court finds it unnecessary to hold an evidentiary hearing because these records conclusively establish that Petitioner is not entitled to relief on the issues raised.

C. Constitutionality of 18 U.S.C. § 922(g)(1)

Petitioner argues that his conviction is invalid because the statute under which he was convicted, 18 U.S.C. § 922(g)(1), is unconstitutional after the United State Supreme Court's decision in District of Columbia v. Heller, ___ U.S. ___, 128 S.Ct. 2783, 171 L.Ed.2d 637

3

(2008). Petitioner argues that Section 922(g)(1) conflicts with the Heller Court's holding that the Second Amendment protects an individual's right to bear arms

In Heller, the Court held that the District of Columbia's prohibition on the possession of handguns in one's home violates the Second Amendment. 128 S.Ct. at 2814-18. In reaching its decision, the Court held that the Second Amendment confers an individual right to keep and bear arms. Id.

At the same time, however, the Court limited the scope of that individual right within the context of its own opinion:

> Like most rights, the right secured by the Second Amendment is not unlimited. From Blackstone through the 19th-century cases, commentators and courts routinely explained that the right was not a right to keep and carry any weapon whatsoever in any manner whatsoever and for whatever purpose.
>
> * * *
>
> Although we do not undertake an exhaustive historical analysis today of the full scope of the Second Amendment, nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the *possession of firearms by felons* and the mentally ill, or laws forbidding the carrying of firearms in sensitive places such as schools and government buildings, or laws imposing conditions and qualifications on the commercial sale of arms.
>
> We also recognize another important limitation on the right to keep and carry arms. Miller [United States v. Miller, 307 U.S. 174, 59 S.Ct. 816, 83 L.Ed. 1206 (1939)] said, as we have explained, that the sorts of weapons protected were those 'in common use at the time.' 307 U.S., at 179, 59 S.Ct. 816. We think that limitation is fairly supported by the historical tradition of prohibiting the carrying of 'dangerous and unusual weapons.'

Heller, 128 S.Ct. at 2816-17 (footnote and citations omitted)(emphasis added).

Thus, the Heller Court made clear that the Second Amendment right it recognized does not include possession of certain types of weapons, possession of weapons in certain places, or possession of weapons by certain categories of individuals, such as convicted felons. In

4

addition, since Heller was decided, the Sixth Circuit has specifically held it does not invalidate a conviction for being a felon in possession of a firearm. United States v. Frazier, 2008 WL 4949153 (6th Cir. Nov. 19, 2008).

For these reasons, the Court concludes that Heller does not invalidate Petitioner's conviction for being a felon in possession of a firearm.

D. Unreasonable Sentence

The Petitioner next argues that based on the Supreme Court's decision in United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), this Court was without jurisdiction under the Sentencing Reform Act of 1984 to impose his sentence. Petitioner contends that the Booker Court struck down 18 U.S.C. § 3553(b)(1) as being unconstitutional, and as a result, the district courts no longer have jurisdiction to sentence defendants under the Act. Consequently, according to the Petitioner, the district courts are required to impose a sentence under the "old law," and he should be re-sentenced accordingly.

The flaw in the Petitioner's argument is that the Booker Court did not strike down the entire Sentencing Reform Act:

> We here turn to the second question presented, a question that concerns the remedy. We must decide whether or to what extent, 'as a matter of severability analysis,' the Guidelines 'as a whole' are 'inapplicable ... such that the sentencing court must exercise its discretion to sentence the defendant within the maximum and minimum set by statute for the offense of conviction.' Pet. for Cert. in No. 04-104, p. (I).

> We answer the question of remedy by finding the provision of the federal sentencing statute that makes the Guidelines mandatory, 18 U.S.C. § 3553(b)(1) (Supp. IV), incompatible with today's constitutional holding. We conclude that this provision must be severed and excised, as must one other statutory section, § 3742(e) (2000 ed. and Supp. IV), which depends upon the Guidelines' mandatory nature. So modified, the federal sentencing statute, see Sentencing Reform Act of 1984 (Sentencing Act), as amended, 18 U.S.C. § 3551 et seq. , 28 U.S.C. § 991 et

5

seq. , makes the Guidelines effectively advisory. It requires a sentencing court to consider Guidelines ranges, see 18 U.S.C.A. § 3553(a)(4) (Supp.2004), but it permits the court to tailor the sentence in light of other statutory concerns as well, see § 3553(a).

Booker, 543 U.S. at 245.

Thus, the Booker Court severed the provisions of the Sentencing Reform Act it found to be unconstitutional, and directed that the district courts apply the remaining provisions, which effectively made the Sentencing Guidelines advisory rather than mandatory. In this case, the Court made clear at the sentencing hearing that it considered the Sentencing Guidelines to be advisory and that it considered all factors set forth in 18 U.S.C. § 3553(a) in imposing sentence:

> The standard for the court in applying sentence is set now 18 U.S.C. Section 3553. The sentence has to be sufficient but not greater than necessary. The Court has to consider the nature and circumstances of the offense, the history and characteristics of the defendant. The sentence has to reflect the seriousness of the offense, promote respect for the law, provide just punishment, provide adequate deterrence, protect the pubic, provide needed educational or vocational training and medical care.
> The Court has to look at the kind of sentences available, the *advisor*y guideline range, any guideline policy statements and needs to avoid unwarranted sentencing disparities among defendants with similar records and similar conduct and to provide any needed restitution to the victims of any relevant crime in the case.

(Transcript of Sentencing Hearing, at 94-95 (Docket No. 42 in Case No. 3:06-00057)) (emphasis added). See also Statement of Reasons, at 7 of 10 (Docket No. 40 in Case No. 3:06-00057)).

As the Court had jurisdiction to impose sentence in this case, Petitioner's argument is without merit.

Petitioner also argues that his sentence was unreasonable because he received the same sentence he would have gotten had he gone to trial.

Prior to sentencing, the Probation Office issued a Pre-Sentence Investigation Report in which it determined Petitioner's guideline range to be 140 to 175 months (Docket No. 41 in Case

6

No. 3:06-00057). The Report assigned Petitioner a base offense level of 24 with two levels added because the firearm at issue was stolen (U.S.S.G. § 2K2.1(b)(4)), four levels added because the Petitioner used or possessed the firearm in connection with another felony offense (U.S.S.G. § 2K2.1(b)(5)), two levels added for obstruction of justice (U.S.S.G. § 3C1.1), and three levels subtracted for acceptance of responsibility (U.S.S.G. § 3E1.1(a)). (Id)

At sentencing, the Petitioner objected to the enhancements for using or possessing the firearm in connection with another felony offense and for obstruction of justice. (Sentencing Transcript, at 3-4). The Court granted the Petitioner's objection regarding the enhancement for obstruction of justice, but denied his objection to the enhancement for using or possessing the firearm in connection with another felony offense. (Sentencing Transcript, at 66-71). After granting an objection by Petitioner in connection with his criminal history, the Court concluded that he fell within criminal history category V, producing an advisory guideline range of 120-150 months. (Sentencing Transcript, at 80-83). Petitioner then requested that the Court reduce the applicable guideline range to one of 77 to 96 months because Petitioner's criminal history overstated his sentence, among other reasons. (Sentencing Transcript, at 86-90). The Court declined to do so, and sentenced the Petitioner to 120 months of imprisonment, which was also the statutory maximum sentence. (Sentencing Transcript, at 94-98).

In reaching its decision, the Court specifically addressed Petitioner's argument that his sentencing range was unreasonably high:

> In this particular case, the court finds that the advisory guidelines are appropriate and I am going to deny the request to sentence below the advisory guideline range. Mr. Richardson has received credit for acceptance of responsibility under the guidelines. They ultimately don't impact the sentence.
>
> But he did receive credit under the guideline calculations, and in the opinion of

the Court, the prior convictions based on the totality of the circumstances don't overstate the defendant's criminal past or likelihood he is likely to commit future crimes. And in the opinion of the Court, based on those totality of the circumstances and the prior drug offenses, the history of assault and all of the various convictions set out in the presentence report that a guideline sentence is appropriate. And as a result looking at specifically what guideline sentence would be lawful, the statutory maximum here is 120 months. And that's the sentence I am going to impose.

(Sentencing Transcript, at 95-96). In its Statement of Reasons (Docket No. 40 in Case No. 3:06-00057) for the sentence, the Court specifically addressed Petitioner's argument that the range under the Sentencing Guidelines was excessive and unreasonable because it exceeded the statutory maximum and did not recognize his acceptance of responsibility:

> The Motion is denied to the extent that it is based on the argument that the advisory Guideline Range does not allow recognition of Defendant's acceptance of responsibility. The Defendant's Offense Level was reduced three levels for acceptance of responsibility. None of the factors in 18 U.S.C. § 3553 warrant a sentence outside the advisory Guideline Range due to the Defendant's acceptance of responsibility for his crime.
>
> The Motion is denied to the extent that it is based on the argument that the advisory guideline Range overinflates the seriousness of the Defendant's prior criminal convictions. Given the history and characteristics of the Defendant, which include drugs and assaults, the advisory guidelines do not overinflate the Defendant's criminal past or the likelihood that he will commit future crimes. None of the other factors in 18 U.S.C. § 3553 warrant a sentence other than that imposed by the Court.
>
> The Court is aware that the Defendant cannot be sentenced beyond the ten year (120 month) statutory maximum. 18 U.S.C. § 924(a)(2).

(Id., at 7 of 10).

Petitioner has not presented any arguments in his pending motion that persuade the Court it reached its sentencing determination in error. This issue is without merit.

E. <u>Ineffective Assistance of Counsel</u>

8

Case 3:08-cv-01146  Document 12  Filed 03/27/09  Page 8 of 11 PageID #: 74

Petitioner argues that counsel was ineffective for failing to make the arguments set forth above, and for failing to advise him that he would receive the statutory maximum sentence if he pleaded guilty.

In order to prevail on an ineffective assistance of counsel claim, the burden is on the Petitioner to show: (1) trial counsel's performance was not within the range of competence demanded of attorneys in criminal cases; and (2) actual prejudice resulted from the deficient performance. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); Campbell v. United States, 364 F.3d 727, 730 (6th Cir. 2004).

"The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result." Strickland, 104 S.Ct. at 2052; Ludwig v. United States, 162 F.3d 456, 458 (6th Cir. 1998). In analyzing trial counsel's performance, the court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id., at 2065.

In order to show actual prejudice in the guilty plea context, the Petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, he would not have pled guilty and would have insisted on going to trial." Hill v. Lockhart, 47 U.S. 52, 106 S.Ct. 366, 369-70, 88 L.Ed.2d 203 (1985). A reasonable probability is "a probability sufficient to undermine confidence in the outcome." Strickland, 104 S.Ct. at 2052.

Petitioner first argues that trial counsel was ineffective for failing to raise the arguments he raises in the pending motion. As the Court has determined that these arguments are meritless, trial counsel was not ineffective for failing to raise them. See, e.g., Ludwig v. United States, 162

9

F.3d 456, 458 (6th Cir. 1998)(Counsel is not required to raise meritless arguments to avoid a charge of ineffective assistance of counsel).

Petitioner also argues that counsel should have advised him that he would receive the maximum statutory sentence if he pled guilty. As the Petitioner was clearly told by the Court at the guilty plea hearing, however, the sentence would not be determined until sentencing:

> This case is governed by the criminal sentencing guidelines, and the Court will calculate an advisory guideline range. The Court will also consider the factors set out in 18 U.S.C. Section 3553 in determining appropriate sentence. How this process will work is a presentence report will be prepared, and the probation office will calculate a proposed advisory guideline range. You will have an opportunity to object to that report. The government will have an opportunity to object to that report. Any objections will be resolved at sentencing. After you have had an opportunity to put on proof and the government has had an opportunity to put on proof, the Court will determine the advisory guideline range. And as I said earlier, the Court will consider all the factors in 18 U.S.C. Section 3553 and then determine the appropriate sentence.
>
> In the event the sentence is something different than you hope for, you will not be allowed to withdraw your guilty plea because you are disappointed about the sentence.
>
> Do you feel like you understand this process?
>
> A. Yes, sir.

(Transcript of Plea Hearing, at 6-7 (Docket No. 26 in Case No. 3:06-00057)).

As the sentence had not been determined as of the time of the guilty plea, counsel could not have advised the Petitioner that he would receive the maximum statutory sentence. Counsel argued vigorously in her filings with the Court and at the sentencing hearing for a reduced sentence, but the Court ultimately determined that such a sentence was not appropriate under the circumstances. Counsel also appealed the sentence to the Sixth Circuit, but did not prevail. Counsel's representation of the Petitioner in connection with his sentence was not ineffective.

10

Petitioner's ineffective assistance claims are without merit.

## IV. Conclusion

For the reasons set forth herein, the Court concludes that Petitioner is not entitled to relief under 28 U.S.C. § 2255. Therefore, the Petitioner's Motion Under § 2255 is denied, and this action is dismissed.

Should the Petitioner give timely notice of an appeal from this Memorandum and Order, such notice shall be treated as a application for a certificate of appealability, 28 U.S.C. 2253(c), which will not issue because the Petitioner has failed to make a substantial showing of the denial of a constitutional right. <u>Castro v. United States</u>, 310 F.3d 900 (6th Cir. 2002).

It is so ORDERED.

*/s/ Todd Campbell*
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE

11

Case 3:08-cv-01146   Document 12   Filed 03/27/09   Page 11 of 11 PageID #: 77